1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY GUEBARA,

            Plaintiff,                       No. CIV 2:11-cv-0427-MCE-JFM (PS)

    vs.

SAXON MORTGAGE, et al.,

           Defendants.            FINDINGS & RECOMMENDATIONS

_____/

          On April 28, 2011, the court held a hearing on defendant Saxon Mortgage's ("Saxon's") motion to dismiss.  Plaintiff appear in pro per.  Joshua M. Bryan appeared for Saxon. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

FACTUAL AND PROCEDURAL BACKGROUND

          On August 8, 2006, plaintiff obtained a mortgage secured by real property located in Stockton, CA ("the Property").  It is unclear from which entity plaintiff obtained the mortgage: he initially alleges that he obtained it from Saxon, see Compl.¶ 7, but later alleges that he obtained it through Decision One Mortgage (not a defendant in this action), id. ¶ 32.  Liberally construed (and partially based on statements contained in plaintiff's opposition), it appears that plaintiff obtained a mortgage through Decision One Mortgage and attempted to obtain a loan

1

1    modification through Saxon.  Plaintiff does not state the time period during which he attempted

2    to obtain a loan modification.

3              On March 24, 2009, plaintiff received a notice of default and notice of intent to

4    foreclosure.

5              On September 17, 2010, plaintiff filed a complaint in the San Joaquin County

6    Superior Court against Saxon, Quality Loan Service and Doe Defendants I-X for (1) declaratory

7    relief; (2) injunctive relief; (3) damages under the Truth in Lending Act ("TILA"), 15 U.S.C.

8    §§ 1601 *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et*

9    *seq.*; (3) reformation of contract; (4) quiet title; and, alternatively, (5) to set aside wrongful

10   foreclosure proceedings.

11             Plaintiff's complaint is premised on claims of securities fraud.  He alleges that his

12   because his mortgage has been illegally bundled, sold and resold by defendants numerous times,

13   none of the defendants own the title to the Property and, as such, none have the legal right to

14   initiate foreclosure proceedings on the Property.

15             On February 15, 2011, Saxon removed this action in light of plaintiff's TILA and

16   RESPA claims.  On February 22, 2011, Saxon filed a motion to dismiss and a motion to strike.

17   On March 29, 2011, plaintiff filed an opposition to both motions.  Saxon has not filed a reply.

18                                            STANDARDS

19             The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

20   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

21   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

22   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

23   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

24   relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct.

25   1955, 1974 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to

26   grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

The court is permitted to consider material properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  Matters of public record include pleadings and other papers filed with a court.  Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

DISCUSSION

Saxon seeks dismissal of plaintiff's complaint on numerous grounds.  The court, however, will address only those arguments as they relate to plaintiff's federal claims brought pursuant to TILA, 15 U.S.C. §§ 1601 et seq., and RESPA, 12 U.S.C. §§ 2601 et seq.  Saxon argues that plaintiff's TILA claim is barred by the statute of limitations.  Saxon also argues that plaintiff's RESPA claim is untimely and/or the allegations are inapplicable to it because it was not the originator of the loan.

A.    Federal Claims

1.    TILA

A plaintiff may bring an action for damages, rescission or both under TILA.  Here, plaintiff speaks only generally of TILA disclosure violations without specifying a remedy.  Nonetheless, were plaintiff to pursue either damages or rescission, the TILA claim is barred by the statute of limitations and, thus, should be dismissed with prejudice.

/////

1              a.       Damages

2              An action for damages under TILA must be brought within one year of the

3    violation. 8 U.S.C. § 1640(e).  A TILA violation occurs on "the date of consummation of the

4    transaction," King v. California, 784 F.2d 910, 915 (9th Cir. 1986), and "consummation" means

5    "the time that a consumer becomes contractually obligated on a credit transaction."  12 C.F.R. §

6    226(a)(13). Accordingly, defendants argue that the claim for damages is time-barred. The

7    doctrine of equitable tolling, however, may "suspend the limitations period until the borrower

8    discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the

9    basis of the TILA action." King, 784 F.2d at 915.

10             The complaint alleges that the loan was obtained on August 8, 2006, making

11   August 8, 2007 the deadline for commencing a TILA damages action.  The current suit was not

12   filed until September 17, 2010.  Although Ninth Circuit has held that equitable tolling for

13   damages may be appropriate "in certain circumstances," plaintiff has not alleged any facts that

14   would justify tolling in this case.  King, 874 F.2d at 915; see also Meyer v. Ameriquest Mtg. Co.,

15   342 F.3d 899, 902 (9th Cir. 2003) (dismissing equitable tolling of TILA claim because plaintiff

16   did not allege any actions that would have prevented discovery of alleged TILA violations and

17   was in full possession of all loan documents).

18             b.       Rescission

19             Rescission claims "shall expire three years after the date of the consummation of

20   the transaction or upon the sale of the property, whichever occurs first," 15 U.S.C. § 1635(f).

21   Where the creditor fails to provide to the consumer a notice of right to rescind and all material

22   disclosures, TILA implementation Regulation Z provides that "the right to rescind shall expire

23   three years after consummation, upon transfer of all of the consumer's interest in the property, or

24   upon sale of the property, whichever occurs first." 12 C.F.R. § 226.23.

25             Again, the complaint alleges that the loan transaction was consummated on

26   August 8, 2006, making August 8, 2009 the deadline for commencing a TILA rescission claim.

1   This action was filed beyond the three-year time period.  There are no facts to justify equitable

2   tolling.

3          2.      <u>RESPA</u>

4          Saxon also seeks dismissal of plaintiff's RESPA claim on the ground that it is

5   inapplicable to Saxon and/or barred by the statute of limitations.  In this claim, plaintiff contends

6   Saxon violated RESPA's provision prohibiting illegal kickbacks.  <u>See</u> 12 U.S.C. § 2607.

7   Plaintiff asserts that when Saxon allegedly sold plaintiff's mortgage, it received back-end fees,

8   which Saxon did not disclose pursuant to RESPA.

9          a.      <u>Applicability of RESPA to Saxon</u>

10         Saxon first argues that because a violation of 12 U.S.C. § 2607 necessarily implies

11  that it must have occurred prior to or in the process of closing plaintiff's mortgage, Saxon cannot

12  be held liable because it did not originate plaintiff's loan.

13         Congress enacted RESPA to control real estate settlement costs by "insur[ing] that

14  consumers throughout the Nation are provided with greater and more timely information on the

15  nature and costs of the settlement process and are protected from unnecessarily high settlement

16  charges caused by certain abusive practices that have developed in some areas of the country." 12

17  U.S.C. § 2601(a). To effectuate these objectives, RESPA requires advance disclosure of

18  settlement costs, the elimination of kickbacks or referral fees, and a reduction of the amount that

19  buyers are required to place in escrow accounts for taxes and insurance.  <u>Id.</u> § 2601(b).

20         Plaintiff alleges violation of Section 8 of RESPA which sets forth the

21  anti-kickback provision.  This section applies only to settlement services and prohibits kickbacks

22  which are "incident to or a part of a real estate settlement service...."  <u>Id.</u> § 2607(a).  Section 8

23  also prohibits fee splitting "of any charge made or received for the rendering of a real estate

24  settlement service." 26 U.S.C. § 2607(b).

25         In order to state a claim under RESPA, plaintiff must establish that the alleged

26  back-end fees at issue constitute charges rendered at or in relation to settlement.  <u>See Eisenberg</u>

5

1    v. Comfed Mortgage Co. Inc., 629 F. Supp. 1157, 1159 (D. Mass.1986) (granting summary

2    judgment for defendant after finding that a mortgage origination fee was not a "settlement

3    service" within the purview of RESPA).  Settlement services are those services necessary to

4    close the loan (i.e., close escrow).  According to HUD, " [s]ettlement means the process of

5    executing legally binding documents regarding a lien on property that is subject to a federally

6    related mortgage loan. This process may be called 'closing' or 'escrow' in different

7    jurisdictions."  24 C.F.R. § 3500.2.

8            Where the fees or charges at issue are imposed after settlement, RESPA is

9    inapplicable.  For example, in Greenwald v. First Fed. Sav. & Loan Ass'n, 446 F.Supp. 620, 625

10   (D. Mass. 1978), aff'd, 591 F.2d 417 (1st Cir. 1979), the district court found that RESPA was

11   inapplicable to the banks' payment of interest on escrow deposits.  The court explained that such

12   payments were "obviously" not part of settlement as defined under RESPA because they "can

13   continue long after closing of the mortgage transaction during the entire life of the mortgage, ..."

14   Id.; see also Adamson v. Alliance Mortgage Co., 861 F.2d 63, 65-66 (4th Cir. 1988) (finding that

15   under the Truth in Lending Act disclosure requirements, fees charged at the end of the loan need

16   not be disclosed), overruled on other grounds by Busby v. Crown Supply, Inc., 896 F.2d 833 (4th

17   Cir. 1990).

18           Here, plaintiff alleges Saxon received back-end fees when it resold plaintiff's

19   mortgage.  Since Saxon's alleged receipt of back-end fees obtained through the purported

20   reselling of plaintiff's mortgage was not an event that occurred prior to or at settlement, the fees

21   are not "incurred" at the time of settlement services and, thus, are not protected by RESPA.

22                    b.    Statute of Limitations

23           Alternatively, Saxon argues that plaintiff's RESPA claim is barred by the statute

24   of limitations.  RESPA imposes either a one-year or a three-year statute of limitations depending

25   on the violation alleged.  12 U.S.C. § 2614 (proscribing a one-year statute of limitations for

26   violations of Sections 2607 and 2608 and a three-year statute of limitations for violations of

Section 2605).  Because plaintiff's RESPA claim can only arise out of the loan origination, which occurred more than three years before plaintiff filed the instant action, plaintiff's claim is barred by the statute of limitations.  As discussed above, plaintiff is not entitled to equitable tolling because he has failed to allege specific facts showing why he could not bring his suit within the limitations period.

Plaintiff counters that the statute of limitations should run when Saxon allegedly sold plaintiff's loan.  This argument fails.  Not only is it an incorrect understanding of the law, but there is also no legal support for this proposition.  For the reasons discussed, RESPA's applicability in the scenario at issue concluded once "settlement" was reached.

Accordingly, plaintiff's RESPA claim should also be dismissed with prejudice.

B.      State Law Claims

Because plaintiff's complaint does not – and, indeed, cannot – state a valid cause of action arising under either TILA or RESPA, the court lacks subject matter jurisdiction over the remaining claims.

Accordingly, IT IS HEREBY RECOMMENDED that

1.  Defendant's motion to dismiss be granted; and

2.  This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

/////

/////

/////

1  parties are advised that failure to file objections within the specified time may waive the right to

2  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: May 2, 2011.

4

5                                                    UNITED STATES MAGISTRATE JUDGE

6

7  /014;gueb0427.mtd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26